Filed 7/18/14  P. v. Prieto CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

| | |
|---|---|
| THE PEOPLE, | C071793 |
| Plaintiff and Respondent, | (Super. Ct. No. SF104089A) |
| v. | |
| RICHARD PRIETO, | |
| Defendant and Appellant. | |

Defendant Richard Prieto repeatedly stabbed Carrie Penko in an unprovoked attack.  A jury convicted him of attempted murder and assault with force likely to produce great bodily injury.  The trial court sentenced defendant to a term of 22 years, consisting of the upper term of 18 years for the attempted murder, plus a one-year enhancement for use of a deadly weapon, plus a three-year enhancement for infliction of great bodily injury.  The sentences for the remaining assault count as well as the other enhancements were stayed pursuant to Penal Code section 654.

The trial began almost five years after the stabbing occurred.  The jury returned a verdict 15 days after trial began.  Another two months went by before defendant appeared

1

for sentencing. Only then, at the beginning of the sentencing hearing, did defendant make a motion for self-representation. The trial court deemed the motion untimely.

Defendant's sole contention on appeal is that the trial court abused its discretion in denying his motion for self-representation. We shall conclude the trial court did not abuse its discretion, even though it did not make the reasons for the exercise of its discretion explicit.

FACTUAL AND PROCEDURAL BACKGROUND

Defendant met the victim, Carrie Penko, in late March 2007. They saw each other nearly every day between the end of March and April 4, 2007. They used methamphetamine together every day. Penko had a crush on defendant, and had sex with him one time.

On the afternoon of April 4, 2007, Penko called defendant from her mother's house and asked if he wanted something to eat. He did want something to eat, so she purchased a burrito and some tacos from a taco truck and took it to him at Denise Martinez's house. Penko parked in the alley behind Martinez's house, and talked to defendant outside the house for 20 to 25 minutes. Penko testified that she was "wired" but that defendant seemed normal. Penko was not upset, and neither she nor defendant was angry during that time.

When Penko got back into her car to leave, defendant got into the backseat behind her. Defendant asked Penko to hand him his glasses and a charger, which were in the passenger door side pocket. As she reached back to hand him the charger, he started stabbing her with a knife in each hand. Defendant got out of the car after stabbing Penko, and ran away. Penko was able to drive away and called 911. She drove to the hospital.

She was treated at the hospital for multiple stab wounds, one in the right jaw, and for a hematoma on the right side of her neck. Some of the stab wounds had to be stitched. Penko was in the hospital for three days.

2

Defendant was initially charged with attempted premeditated murder and infliction of corporal injury to a spouse or cohabitant. The second charge was later changed to assault with force likely to produce great bodily injury. In late December 2011 the first charge was changed to attempted willful murder. The case went to trial on January 3, 2012.

Defendant's theory of the case was that he was falsely accused, and that Penko lied.

The jury found defendant guilty of both charged offenses, and found true the enhancements submitted to the jury. The trial court found true the remaining enhancements. The verdict was rendered on January 18, 2012. The sentencing hearing was two months later, on March 26, 2012. At the beginning of the sentencing hearing, defendant made a motion for self-representation. The trial court denied the motion as untimely.

Thereafter, the trial court sentenced defendant to an aggregate term of 22 years.

DISCUSSION

Defendant's sole contention on appeal is that the trial court abused its discretion in denying his motion for self-representation.

A criminal defendant has an absolute right to self-representation if an unequivocal assertion of that right is made a reasonable time prior to commencement of trial. (*People v. Windham* (1977) 19 Cal.3d 121, 127-128 (*Windham*).) However, once a defendant has chosen to proceed to trial with representation, a request for self-representation is addressed to the sound discretion of the court. (*Id*. at p. 128.)

In exercising its discretion, the court should consider a number of factors, including "the quality of counsel's representation of the defendant, the defendant's prior proclivity to substitute counsel, the reasons for the request, the length and stage of the proceedings, and the disruption or delay which might reasonably be expected to follow the granting of such a motion." (*Windham, supra,* 19 Cal.3d at p. 128.) However, the

trial court need not explicitly consider these factors if there are sufficient reasons on the record to constitute an implicit consideration of the factors. (*People v. Scott* (2001) 91 Cal.App.4th 1197, 1206.) Such is the case here.

Here, although the trial court did not explicitly consider the *Windham* factors, there was sufficient support in the record to constitute an implicit consideration of the factors. The record indicates defendant's trial counsel adequately represented him. Trial counsel made numerous motions in limine to admit favorable evidence and to exclude damaging evidence. Defense counsel was engaged during the trial, raising appropriate objections. Counsel vigorously cross-examined the prosecution's witnesses and the victim. Counsel put on a witness for the defense.

When defendant made his request for self-representation, which he coupled with a request for a continuance, he stated the basis of the request was "[i]nsufficient counsel." His specific complaint was that he had put off trial for two years on the advice of counsel waiting for the prosecution's psychiatrist to testify. He indicated he had waited for two years, then at the last minute no witnesses came up. The prosecutor later clarified that the trial had been postponed not because of the People's expert, but because the defense expert hired to give an opinion of defendant's mental state with regard to premeditation had moved to New York. The prosecutor stated that when the count of attempted premeditated murder was dismissed, the defense expert's testimony was rendered moot.

Considering the entire record, the trial court correctly concluded the defendant had received adequate representation.

Defendant's attorney at trial was the second attorney to represent him, and there is no indication in the record as to the reason for this substitution. This is the only factor that does not weigh against defendant.

Defendant's reason for the motion was that he wanted his story to be heard. That story, apparently, was that he committed the attack in a drug-induced psychosis. As indicated, the theory defendant's attorney chose to present was that defendant had not

4

been the one who attacked Penko. We will not second-guess defense counsel's trial strategy. (*People v. Mitcham* (1992) 1 Cal.4th 1027, 1059.)

The length and stage of the proceedings, and the disruption or delay that would have been caused by granting the self-representation request and accompanying request for a continuance weigh heavily against defendant. Defendant's request was not made until more than two months after a verdict had been rendered. A motion for self-representation made on the day of the sentencing hearing is manifestly untimely. (*People v. Doolin* (2009) 45 Cal.4th 390, 454.) The court was entirely justified in viewing such a late request as an attempt to obstruct the orderly administration of justice. The trial court acted well within its discretion in denying the request.

DISPOSITION

The judgment is affirmed.


    BLEASE          , Acting P. J.


We concur:


    MAURO          , J.


    DUARTE          , J.